IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MABLE J. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 2024 CV 02738 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| PAGE PUBLISHING, INC., a New York Company, GOOGLE, LLC, a California corporation, and AMAZON.com, Inc., a Washington corporation, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mable J. Harris filed this lawsuit against Defendants Page Publishing, Inc., Google, LLC, and Amazon.com, Inc. (Dkt. 2). Plaintiff thereafter dismissed Defendant Google, LLC (Dkts. 8, 10). The Court addresses Plaintiff's failure to serve Defendants Page Publishing, Inc. and Amazon.com, Inc. with service of process.

A plaintiff in a civil action in federal court must effect service of the summons and complaint within 90 days of initiating the action. *See* Fed. R. Civ. P. 4(c)(1), (m). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for failure to effect service, the court must extend the time for service for an appropriate period. *Id.* "There is no precise test for good cause, but the plaintiff must show at least 'reasonable diligence' in effecting service." *Am. Kitchen Delights, Inc. v. Tino's Italian Specialty Foods LLC*, 2018 WL 4916530, at *1 (N.D. Ill. Oct. 10, 2018) (Durkin, J.) (citing *Bachenski v. Malnati*, 11 F.3d 1371, 1377 (7th Cir. 1993)). The

Court may dismiss an action with prejudice "if the plaintiff's delay in obtaining service is so long that it signifies failure to prosecute[.]" *Williams v. Illinois*, 737 F.3d 473, 476 (7th Cir. 2013).

Alternatively, a plaintiff may request waiver of formal service of summons by following the requirements set forth in Rule 4(d). *See* Fed. R. Civ. P. 4(d). But a request to a defendant to waive formal service is just that—a *request*. Nothing requires a defendant to waive formal service. *See Troxell v. Fedders of North America, Inc.*, 160 F.3d 381, 383 (7th Cir. 1998) (holding that "the only penalty a defendant [] will suffer for insisting on formal service is an assessment against it of the costs of service"); *Khan v. Hemosphere Inc.*, 2019 WL 2137378, at *2 (N.D. Ill. May 16, 2019) (Kendall, J.) ("[W]aiver of service is merely offered as an alternative to litigating parties and defendants are by no means required to accept waiver."). Indeed, "if [a plaintiff] does not attempt, or has attempted but failed, to secure a waiver of service, [it] must perfect service in accordance with Rule 4." *Plotkin v. UChicago Argonne LLC, d/b/a Argonne Nat'l Lab'y*, 2024 WL 3470580, at *5 (N.D. Ill. Jul. 19, 2024) (Alonso, J.); *see also Troxell*, 160 F.3d at 383.

Plaintiff initiated this action 339 days ago on April 5, 2024. Over the course of nearly one year, Plaintiff has represented to this Court that it has been unsuccessful in its attempts to effect service upon Defendants Page Publishing, Inc. and Amazon.com, Inc. But Plaintiff's filings with this Court demonstrate that Plaintiff's counsel has not, in fact, attempted service of process in a manner compliant with Rule 4. Rather, Plaintiff's counsel has sought only a *waiver* of formal service. Plaintiff's filings indicate that on May 24, 2024 and December 4, 2024, Plaintiff sent Defendant Amazon.com, Inc.'s registered agent, Illinois Corporation Service C, a copy of the complaint and a waiver of service to the Springfield, Illinois address listed on the Office of the Illinois Secretary of State's website (Dkt. 16). Plaintiff's filings also indicate that Plaintiff sent Page Publishing, Inc. a copy of the complaint and a waiver of service to Pennsylvania and New York addresses on May 23, 2024 and December 4, 2024, respectively (Dkt. 18). Nothing filed with this Court suggests that Plaintiff attempted to comply

2

with Rule 4 in effecting formal service of process when it realized that Defendants were unlikely to return an executed waiver. Despite this Court's utmost generosity in permitting Plaintiff additional time—249 days to be exact—to serve Defendants, Plaintiff has still failed to perfect service of process on either Defendant, having offered no justification for the egregious delay besides Plaintiff's counsel's claim that Defendants have failed to return executed waivers. But, as Rule 4 and decades of federal case law make clear, Defendants were under no such obligation to do so. *See Troxell*, 160 F.3d at 383.

In light of Plaintiff's counsel's lack of diligence in carrying this case forward, *see* Ill. R. Prof'l Conduct 1.3 (2010), this Court will not expend any further judicial resources on this case. Plaintiff's complaint is dismissed with prejudice for failure to satisfy the procedural requirements of service of process and for want of prosecution. *See Williams*, 737 F.3d at 476.

**IT IS SO ORDERED.**

                                                        Sharon Johnson Coleman
                                                        United States District Judge

DATED: 3/10/2025